UNITED STATES OF AMERICA
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC | CIVIL ACTION |
| VERSUS | NO: 20-1720 |
| UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES COAST GUARD, AND THE UNITED STATES COAST GUARD NATIONAL POLLUTION FUNDS CENTER | SECTION: T(5) |

## ORDER

Before the Court is a Motion to Dismiss and in the Alternative for a More Definite Statement and to Strike Jury Demand filed by the United States and the United States Coast Guard National Pollution Funds Center ("Defendants").[1] Taylor Energy Company, LLC ("Plaintiff") filed an opposition,[2] to which Defendants filed a reply.[3] For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This matter arises out of the United States Government's efforts to contain pollution in federal waters adjacent to Louisiana at the site of a Taylor Energy production platform that collapsed during Hurricane Ivan. In September 2004, Hurricane Ivan traveled through the Gulf of Mexico in the direction of the central Gulf Coast. At that time, Taylor Energy was the lessee and operator of certain assets in the path of Hurricane Ivan, including the MC-20A Platform and an Outer Continental Shelf ("OCS") lease that included the MC-20A Platform, wells, and associated facilities. The force of the storm caused a seafloor failure that toppled Taylor Energy's production platform and jacket (the "MC-20 Incident"). Taylor Energy notified the appropriate authorities and

---

[1] R. Doc. 36.
[2] R. Doc. 39.
[3] R. Doc. 42.

1

was designated by the Coast Guard as the "Responsible Party" in accordance with the Oil Pollution Act of 1990 ("OPA") and as a member of the "Unified Command," along with the Coast Guard, that was established to monitor the MC-20 Incident location and study possible further actions to be taken. For more than a decade, the Coast Guard and Taylor Energy worked collaboratively under the Unified Command Structure, and engaged in comprehensive collaborative scientific studies, assessments, and evaluations, including coordination of all response efforts.

In March 2018, upon identifying a single discharge location and determining containment was viable, the Coast Guard requested that Taylor Energy provide at least one preferred response or containment option to be presented at an April 10, 2018 meeting. Six months later, the Coast Guard ordered Taylor Energy "to institute a containment system to capture, contain, and remove oil" from the site, and to evaluate/retain potential contractors to develop a containment system that eliminates surface sheen and avoids the deficiencies associated with Taylor Energy's prior containment systems, among other specific directives. In November 2018, the Federal On Scene Coordinator ("FOSC") selected Couvillion Group, LLC ("Couvillion) as a contractor to work at the government's direction to accomplish the oil containment efforts.

On June 2, 2020, counsel for Taylor Energy received a letter ("the Letter") from the Department of Justice seeking to hold settlement negotiations before the United States filed reimbursement claims on behalf of the Oil Spill Liability Trust Fund.[4] The Letter named Taylor Energy "a responsible party under Section 1002(a) of the Oil Pollution Act," responsible for "approximately $43 million in removal costs paid by the Oil Spill Liability Trust Fund." Taylor Energy filed suit thereafter, seeking a declaratory judgment that it is not obligated to reimburse Defendants any of the $43 million in removal costs on the theory that the Coast Guard was required

---

[4] R. Doc. 1 at 1.

2

to present removal cost claims to Taylor Energy before submitting the claims to the Oil Spill Liability Trust Fund.

Defendants filed the instant motion in response and move that Plaintiff's complaint should be dismissed because it fails to identify a statutory provision waiving the United States' sovereign immunity, as is required to establish subject matter jurisdiction. Plaintiff asserts that the body of the complaint "contains allegations supporting both express and statutory waivers of sovereign immunity" under the *Larson-Dugan* doctrine and/or the Administrative Procedure Act ("APA").[5] Defendants counter that the complaint fails to invoke *Larson-Dugan* and, even if properly pled, the allegations within the complaint do not apply to either of the doctrine's stated bases.[6] Further, Defendants argue that the Letter and the counterclaims filed in the District of Columbia do not waive sovereign immunity as a matter of law.[7] Finally, regarding Plaintiff's APA argument, Defendants assert that the complaint fails to invoke the APA specifically and fails to identify a reviewable final agency action.

## LAW AND ANALYSIS

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[8] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint

---

[5] R. Doc. 39 at 6; *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); U.S.C. § 701 et. seq.
[6] *See* R. Doc. 36 at 3-4, "The Supreme Court held that there are two types of such cases: (1) those in which a 'statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be unconstitutional,' and (2) those in which the officer's action is *ultra vires* his or her authority."
[7] Those counterclaims have since been dismissed pursuant to the first-file rule. *See Taylor Energy Co LLC v. United States*, No. CV 20-1086 (JDB), 2020 WL 6075693, at *8 (D.D.C. Oct. 14, 2020).
[8] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[9] *See* Fed. R. Civ. P. 12(b)(1).

3

supplemented by the undisputed facts plus the court's resolution of the disputed facts."[10] The court should determine whether subject-matter jurisdiction is present before addressing any other issues.[11] The plaintiff bears the burden of proof for a Rule 12(b)(1) motion.[12] Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[13]

The primary question before the Court is whether the complaint identifies a valid waiver of sovereign immunity for the purpose of establishing subject matter jurisdiction over the United States. Despite Plaintiff's argument that either the Administrative Procedure Act or the *Larson-Dugan* exception provides jurisdiction, the Court finds that Plaintiff has failed to invoke a waiver of sovereign immunity.

Plaintiff initially attempted to satisfy its obligation to establish subject matter jurisdiction and waiver by citing specific statutes in the complaint.[14] After Defendants filed the instant motion disputing subject matter jurisdiction and the citied authorities, Plaintiff abandoned these grounds.[15] In its opposition, Plaintiff does not defend or otherwise support any of the complaint's enumerated jurisdictional bases. Instead, Plaintiff changes course and argues that the allegations throughout the complaint support both "express and statutory waivers of immunity" in the form of the *Larson-Dugan* exception and the APA.[16] The Court finds these arguments unpersuasive. The scope of statutory waivers of immunity, including the Administrative Procedure Act, must be "construed

---

[10] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quotation omitted*).
[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[12] *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).
[13] *See Home Builders Ass'n of Miss., Inc.* 143 F.3d 1006, 1010.
[14] R. Doc. 1 at 3.
[15] *See* R. Doc. 1 at 3, "Jurisdiction and Venue."
[16] R. Doc. 39 at 5, 8.

strictly in favor of the sovereign."[17] Here, the complaint references the jurisdictional waivers, but those references are minimal and conclusory, including Plaintiff's attempt to identify a final agency action under which the government is subjected to judicial review. The complaint—which does not cite the APA—offers a list of vague actions Plaintiff contends were arbitrary and capricious, none of which the Court views as a reviewable final agency action under the APA.[18] Plaintiff's opposition somewhat narrows in identifying a final agency action, asserting that Defendants' "actions leading up to and including the Demand Letter undeniably evidence 'final agency action.'"[19] Assuming the Demand Letter was a final agency action, the Court finds Defendants' application of *Bennett v. Spear* convincing.[20] Plaintiff's liability stems from the relevant statutes, not the government's enforcement of those laws. Thus, even if properly pled, Plaintiff's APA claim fails.

The Court further agrees with the Defendants' position that, even if properly pled, the complaint's allegations do not fall within the two exceptions created by *Larson-Dugan*.[21] The doctrine applies to lawsuits against government officials acting *ultra vires* their statutory powers or in violation of the Constitution.[22] In those two scenarios, the government agent may not shield himself behind the immunity of the sovereign principal.[23] Plaintiff's complaint, however, does not identify government officials; the named Defendants are the United States and its agencies. Moreover, even if the complaint did identify specific government officials, the relevant allegations

---

[17] *Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1993)(quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951)). (*see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 263 (1999) (holding that the Administrative Procedure Act must be "strictly construed, in terms of its scope, in favor of the sovereign")).
[18] *See* R. Doc. 1 at 14.
[19] *See* R. Doc. 39 at 11.
[20] *Bennett v. Spear*, 520 U.S. 154 (1997).
[21] *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949).
[22] *Id.* at 695 (…if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign…).
[23] *Id.* at 726.

presented are insufficient due to their brevity and conclusory nature.[24] Accordingly, because Plaintiff bears the burden of establishing subject matter jurisdiction and has failed to show an unequivocal waiver of the United States' sovereign immunity, the Motion to Dismiss for lack of subject matter jurisdiction is granted.

The MC-20 Incident has led to four separate actions in this district involving Taylor Energy and the United States.[25] Each has involved considerable motion practice on separate but related issues. Plaintiff brought this action seeking declaratory relief regarding its obligation to reimburse the United States under the Oil Pollution Act and Clean Water Act. While the Court does not reach the merits of the reimbursement obligation here, the parties may continue litigating that issue in the pending enforcement action initiated by the United States.[26] In that case, the United States seeks its own declaratory judgment regarding Taylor's liability. Each party has filed opposing motions for partial summary judgment on the reimbursement issue, and each is fully briefed.[27] The United States initiated that action and waiver is not at issue. The reimbursement question may be properly litigated there.

---

[24] R. Doc. 1 at 1, 14 ("Defendants actions are in direct violation of the United States Constitution and exceed their authority, statutory and otherwise") ("Defendants', and their officers', actions…constitute a violation of Taylor Energy's procedural and substantive due process rights and constitute actions beyond and in violation of any statutory or other legal authority.").
[25] Case numbers 18-14046, 18-14065, 20-1720, and 20-2910.
[26] *United States of America v. Taylor Energy Company, L.L.C.*, No. 20-cv-02910 (E.D.L.A. filed Oct. 23, 2020).
[27] R. Doc. 8 (United States' Motion for Partial Summary Judgment on Second Claim); R. Doc. 28 (Taylor's Motion for Partial Summary Judgment).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction[28] is **GRANTED**.

**New Orleans, Louisiana**, on this 7th day of May, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. 36.